**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

| | |
|---|---|
| **COVENANT MEDICAL CENTER,**<br><br>**Plaintiff,**<br><br>v.<br><br>**INSURANCE MANAGEMENT SERVICES,**<br>**a/k/a IMS MARKETING, INC.,**<br><br>**Defendant.** | **Civil Action No. 5:20-cv-00148-H** |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff Covenant Medical Center files its First Amended Complaint and respectfully shows the following:

**PARTIES**

1.      Plaintiff Covenant Medical Center ("CMC") is a Texas non-profit corporation doing business as a hospital in Lubbock County, Texas.

2.      Defendant Insurance Management Services n/k/a IMS Marketing, Inc. ("IMS") is a domestic corporation and has appeared in the case.  During all material times, IMS has acted as the plan administrator, claims administrator, or a "third party administrator" of various employers' healthcare plans or as an insurer of healthcare insurance policies. It may be served with process through its counsel of record.

3.      Defendant BE Implement Partners, Ltd. is a Texas limited partnership with its principal place of business in Brownfield, Texas.  It may be served with process through its registered agent, Nick R. Bray, 400 Austin Avenue, 7th Floor, Waco, Texas 78701 or wherever else he may be found.

4.      On information and belief, the Health Benefit Plan for the Employees of BE Implement Partners, Ltd. is a self-funded ERISA health benefits plan, and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).  "Self-funded" means that the Plan is not directly operated pursuant to one or more contracts for health insurance.  Rather, it is directly responsible for the medical benefits paid pursuant to the Plan.  CMC is informed and believes that Defendant BE Implement Partners, Ltd. was the sponsor of Health Benefit Plan for the Employees of BE Implement Partners, Ltd., with ultimate responsibility for paying claims administered and processed by Defendant IMS under the Plan during the relevant time period. CMC is further informed and believes that Defendant BE Implement Partners, Ltd. was the designated Plan Administrator for the Plan – as that term is understood under ERISA – during the relevant time period.  CMC is informed and believes that several of the insureds described in this Complaint who received services during the relevant time frame were beneficiaries and/or participants of the Plan at the relevant times when their services were rendered.  It may be served through its agent for service of process, BE Implement Partners, Ltd., Seagraves Highway & Foster Road, Brownfield, TX 79316 or wherever else it may be found.

5.      Defendant Davidson Oil Company is a Texas corporation with its principal place of business in Amarillo, Texas.  It may be served with process through its registered agent, Chan A. Davidson, 202 S. Arthur St., Amarillo, Texas 79102 or wherever else he may be found.

6.      On information and belief, the Health Benefit Plan for the Employees of Davidson Oil Company is a self-funded ERISA health benefits plan, and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).  "Self-funded" means that the Plan is not directly operated pursuant to one or more contracts for health insurance.  Rather, it is directly responsible for the medical benefits paid pursuant to the Plan.  CMC is informed and believes

that Defendant Davidson Oil Company was the sponsor of the Health Benefit Plan for the Employees Davidson Oil Company Employee Benefit Plan, with ultimate responsibility for paying claims administered and processed by Defendant IMS under the Plan during the relevant time period.  CMC is further informed and believes that Defendant Davidson Oil Company was the designated Plan Administrator for the Plan – as that term is understood under ERISA – during the relevant time period.  CMC is informed and believes that several of the insureds described in this Complaint who received services during the relevant time frame were beneficiaries and/or participants of the Plan at the relevant times when their services were rendered.  It may be served through its agent for service of process, Davidson Oil Company, 100 S.E. 7th Avenue, Amarillo, TX 79120 or wherever else it may be found.

7.      Defendant Forerunner AG, LLC is a Texas limited liability company.  It may be served with process through its registered agent, Bobby Baker, 241 Ranger, Hereford, Texas 79405 or wherever else he may be found.

8.      On information and belief, the Health Benefit Plan for the Employees of Forerunner AG, LLC is a self-funded ERISA health benefits plan, and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).  "Self-funded" means that the Plan is not directly operated pursuant to one or more contracts for health insurance.  Rather, it is directly responsible for the medical benefits paid pursuant to the Plan.  CMC is informed and believes that Defendant Forerunner AG, LLC was the sponsor of the Health Benefit Plan for the Employees of Forerunner AG, LLC, with ultimate responsibility for paying claims administered and processed by Defendant IMS under the Plan during the relevant time period.  CMC is further informed and believes that Defendant Forerunner AG, LLC was the designated Plan Administrator for the Plan – as that term is understood under ERISA – during the relevant time

period.  CMC is informed and believes that several of the insureds described in this Complaint who received services during the relevant time frame were beneficiaries and/or participants of the Plan at the relevant times when their services were rendered.  It may be served with process through its agent for service of process, Forerunner AG LLC, P.O. Box 670, Hereford, TX 79045 or wherever else it may be found.

9.    Defendant Friona Industries, LP is a Delaware limited partnership with its principal place of business in Amarillo, Texas that is licensed to do business in the State of Texas.  It may be served with process through its registered agent, CT Corp System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136 or wherever else it may be found.

10.    On information and belief, the Health Benefit Plan for the Employees of Friona Industries, LP is a self-funded ERISA health benefits plan, and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).  "Self-funded" means that the Plan is not directly operated pursuant to one or more contracts for health insurance.  Rather, it is directly responsible for the medical benefits paid pursuant to the Plan.  CMC is informed and believes that Defendant Friona Industries, LP was the sponsor of the Health Benefit Plan for the Employees of Friona Industries, LP, with ultimate responsibility for paying claims administered and processed by Defendant IMS under the Plan during the relevant time period.  CMC is further informed and believes that Defendant Friona Industries, LP was the designated Plan Administrator for the Plan – as that term is understood under ERISA – during the relevant time period.  CMC is informed and believes that several of the insureds described in this Complaint who received services during the relevant time frame were beneficiaries and/or participants of the Plan at the relevant times when their services were rendered.  It may be served with process through its agent for

service of process, Friona Industries, L.P., 500 S. Taylor, Suite 601, Amarillo, TX 79105 or wherever else it may be found.

11.    Defendant Herring Bancorp, Inc. is a Texas Corporation with its principal place of business in Amarillo, Texas.  It may be served with process through its registered agent, C. Campbell Burgess, 2201 Civic Circle, Suite 1000, Amarillo, Texas 78109.

12.    On information and belief, the Health Benefit Plan for the Employees Herring Bancorp, Inc. is a self-funded ERISA health benefits plan, and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).  "Self-funded" means that the Plan is not directly operated pursuant to one or more contracts for health insurance.  Rather, it is directly responsible for the medical benefits paid pursuant to the Plan.  CMC is informed and believes that Defendant Herring Bancorp, Inc. was the sponsor of the Health Benefit Plan for the Employees of Herring Bancorp, Inc., with ultimate responsibility for paying claims administered and processed by Defendant IMS under the Plan during the relevant time period.  CMC is further informed and believes that Defendant Herring Bancorp, Inc. was the designated Plan Administrator for the Plan – as that term is understood under ERISA – during the relevant time period.  CMC is informed and believes that several of the insureds described in this Complaint who received services during the relevant time frame were beneficiaries and/or participants of the Plan at the relevant times when their services were rendered.  It may be served with process through its agent for service of process, Herring Bancorp, Inc., 2201 Civic Circle #516, Amarillo, Texas 79109 or wherever else it may be found.

13.    Defendant Hydrostatic Pipe Service Inc. d/b/a Hydrotest is a New Mexico Corporation with its principal place of business in Hobbs, NM.  It may be served with process

through its registered agent, John L. Shepherd, 201 S. Main, P.O. Box 271, Seminole, Texas 79360 or wherever else he may be found.

14.    On information and belief, the Health Benefit Plan for the Employees Hydrostatic Pipe Service Inc., d/b/a Hydrotest is a self-funded ERISA health benefits plan, and a proper Defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).  "Self-funded" means that the Plan is not directly operated pursuant to one or more contracts for health insurance.  Rather, it is directly responsible for the medical benefits paid pursuant to the Plan.  CMC is informed and believes that Defendant Hydrostatic Pipe Service Inc., was the sponsor of the Health Benefit Plan for the Employees of Hydrostatic Pipe Service Inc., d/b/a Hydrotest with ultimate responsibility for paying claims administered and processed by Defendant IMS under the Plan during the relevant time period.  CMC is further informed and believes that Defendant Hydrostatic Pipe Service Inc., of Texas was the designated Plan Administrator for the Plan – as that term is understood under ERISA – during the relevant time period.  CMC is informed and believes that several of the insureds described in this Complaint who received services during the relevant time frame were beneficiaries and/or participants of the Plan at the relevant times when their services were rendered.  It may be served through its agent for service of process, Hydrostatic Pipe Service, Inc., d/b/a Hydrotest, 3030 Marland Blvd., Hobbs, NM 88240 or wherever else it may be found.

15.    Defendant JM Cox Resources, L.P. is a limited partnership organized in Texas with its principal office in Midland, Texas.  It may be served with process through its registered agent, Kelly Cox, #7 Churchill Way, Midland, Texas 79705 or wherever else he may be found.

16.    On information and belief, the Health Benefit Plan for the Employees of JM Cox Resources, L.P. is a self-funded ERISA health benefits plan, and a proper Defendant pursuant to

ERISA § 502(d), 29 U.S.C. § 1132(d). "Self-funded" means that the Plan is not directly operated pursuant to one or more contracts for health insurance. Rather, it is directly responsible for the medical benefits paid pursuant to the Plan. CMC is informed and believes that Defendant JM Cox Resources, L.P. was the sponsor of the Health Benefit Plan for the Employees of JM Cox Resources, L.P., with ultimate responsibility for paying claims administered and processed by Defendant IMS under the Plan during the relevant time period. CMC is further informed and believes that Defendant JM Cox Resources, L.P was the designated Plan Administrator for the Plan – as that term is understood under ERISA – during the relevant time period. CMC is informed and believes that several of the insureds described in this Complaint who received services during the relevant time frame were beneficiaries and/or participants of the Plan at the relevant times when their services were rendered. It may be served through its agent for service of process, JM Cox Resources, L.P., P.O. Box 2217, Midland, TX 79702-2217 or wherever else it may be found.

17. Defendant Pinkie's, Inc. is a Texas Corporation with its principal place of business in Odessa, Texas. It may be served with process through its registered agent, Austin R. Keith, 1426 E. 8th St., Odessa, Texas 79761 or wherever else he may be found.

18. On information and belief, the Health Benefit Plan for the Employees of Pinkie's, Inc. is a self-funded ERISA health benefits plan, and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). "Self-funded" means that the Plan is not directly operated pursuant to one or more contracts for health insurance. Rather, it is directly responsible for the medical benefits paid pursuant to the Plan. CMC is informed and believes that Defendant Pinkie's, Inc. was the sponsor of the Health Benefit Plan for the Employees of Pinkie's, Inc., with ultimate responsibility for paying claims administered and processed by Defendant IMS under the Plan

during the relevant time period.  CMC is further informed and believes that Defendant Pinkie's, Inc. was the designated Plan Administrator for the Plan – as that term is understood under ERISA – during the relevant time period.  CMC is informed and believes that several of the insureds described in this Complaint who received services during the relevant time frame were beneficiaries and/or participants of the Plan at the relevant times when their services were rendered.  It may be served through the agent for service of process, Pinkie's, Inc., 1426 East 8th Street, Odessa, TX 79761 or wherever else it may be found.

19.     Defendant South Plains Implement, Ltd. is a limited partnership organized in the state of Texas.  It may be served with process through its registered agent, Brian Snodgrass, 2401 SW Ave. D, Seminole, Texas 79360 or wherever else he may be found.

20.     On information and belief, the Health Benefit Plan for the Employees of South Plains Implement, Ltd. is a self-funded ERISA health benefits plan, and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).  "Self-funded" means that the Plan is not directly operated pursuant to one or more contracts for health insurance.  Rather, it is directly responsible for the medical benefits paid pursuant to the Plan.  CMC is informed and believes that Defendant South Plains Implement, Ltd. was the sponsor of the Health Benefit Plan for the Employees of South Plains Implement, Ltd., with ultimate responsibility for paying claims administered and processed by Defendant IMS under the Plan during the relevant time period.  CMC is further informed and believes that Defendant South Plains Implement, Ltd. was the designated Plan Administrator for the Plan – as that term is understood under ERISA – during the relevant time period.  CMC is informed and believes that several of the insureds described in this Complaint who received services during the relevant time frame were beneficiaries and/or participants of the Plan at the relevant times when their services were rendered.  It may be served

through its registered agent for service of process, South Plains Implement, Ltd., 204 N. Highway 385, Seminole, TX 79360 or wherever else it may be found.

21.    Defendant Stone Oilfield Service, Inc. is a New Mexico corporation company with its principal place of business in Odessa, Texas that is licensed to do business in the State of Texas.  It may be served with process through its registered agent, Ron Adams, 1520 N. Grandview, Odessa, Texas 79761 or wherever else he may be found.

22.    On information and belief, the Health Benefit Plan for the Employees of Stone Oilfield Service, Inc. is a self-funded ERISA health benefits plan, and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).  "Self-funded" means that the Plan is not directly operated pursuant to one or more contracts for health insurance.  Rather, it is directly responsible for the medical benefits paid pursuant to the Plan.  CMC is informed and believes that Defendant Stone Oilfield Service, Inc. was the sponsor of the Health Benefit Plan for the Employees of Stone Oilfield Service, Inc., with ultimate responsibility for paying claims administered and processed by Defendant IMS under the Plan during the relevant time period. CMC is further informed and believes that Defendant Stone Oilfield Service, Inc. was the designated Plan Administrator for the Plan – as that term is understood under ERISA – during the relevant time period.  CMC is informed and believes that several of the insureds described in this Complaint who received services during the relevant time frame were beneficiaries and/or participants of the Plan at the relevant times when their services were rendered.  It may be served with process through the agent for service of process, Stonefield Oilfield Service, Inc., 725 Tatum Highway, Lovington, NM 88261 or wherever else it may be found.

23.    Defendant Tarpley Music Company, Inc. is a Texas corporation with its principal place of business in Amarillo, Texas.  It may be served with process through its registered agent, John W. Tarpley, 2420 Commerce St., Amarillo, Texas 79106 or wherever else he may be found.

24.    On information and belief, the Health Benefit Plan for the Employees of Tarpley Music Company, Inc. is a self-funded ERISA health benefits plan, and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).  "Self-funded" means that the Plan is not directly operated pursuant to one or more contracts for health insurance.  Rather, it is directly responsible for the medical benefits paid pursuant to the Plan.  CMC is informed and believes that Defendant Tarpley Music Company, Inc. was the sponsor of the Health Benefit Plan for the Employees of Tarpley Music Company, Inc., with ultimate responsibility for paying claims administered and processed by Defendant IMS under the Plan during the relevant time period.  CMC is further informed and believes that Defendant Tarpley Music Company, Inc. was the designated Plan Administrator for the Plan – as that term is understood under ERISA – during the relevant time period.  CMC is informed and believes that several of the insureds described in this Complaint who received services during the relevant time frame were beneficiaries and/or participants of the Plan at the relevant times when their services were rendered.  It may be served through its agent for service of process, Tarpley Music Company, Inc., 2420 Commerce, Amarillo, TX 79109 or wherever else it may be found.

25.    Defendant Viva Well Servicing Company, LP is a limited partnership organized under the laws of Texas.  It may be served with process through its registered agent, Michael K. Elyea, 4245 Kemp Boulevard, Suite 600, Wichita Falls, Texas 76308 or wherever else he may be found.

26.     On information and belief, the Health Benefit Plan for the Employees of Viva Well Servicing Company, LP is a self-funded ERISA health benefits plan, and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).  "Self-funded" means that the Plan is not directly operated pursuant to one or more contracts for health insurance.  Rather, it is directly responsible for the medical benefits paid pursuant to the Plan.  CMC is informed and believes that Defendant Viva Well Servicing Company, LP was the sponsor of the Health Benefit Plan for the Employees of Viva Well Servicing Company, LP, with ultimate responsibility for paying claims administered and processed by Defendant IMS under the Plan during the relevant time period.  CMC is further informed and believes that Defendant Viva Well Servicing Company, LP was the designated Plan Administrator for the Plan – as that term is understood under ERISA – during the relevant time period.  CMC is informed and believes that several of the insureds described in this Complaint who received services during the relevant time frame were beneficiaries and/or participants of the Plan at the relevant times when their services were rendered.  It may be served through its agent for service of process, Viva Well Servicing, LP, 700 Avenue E, Odessa, TX 79761, or wherever else it may be found.

27.     Defendant Watson Truck & Supply, Inc. is a New Mexico corporation with its principal place of business in Midland, Texas that is licensed to do business in the State of Texas.  It may be served with process through its registered agent, Alan Douglas, 550 W. Texas Ave., Suite 1000, Midland, Texas 79701 or wherever else he may be found.

28.     On information and belief, the Health Benefit Plan for the Employees of Watson Truck & Supply, Inc. Employee Benefit Plan is a self-funded ERISA health benefits plan, and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).  "Self-funded" means that the Plan is not directly operated pursuant to one or more contracts for health insurance.  Rather,

it is directly responsible for the medical benefits paid pursuant to the Plan. CMC is informed and believes that Defendant Watson Truck & Supply, Inc. was the sponsor of the Health Benefit Plan for the Employees of Watson Truck & Supply, Inc., with ultimate responsibility for paying claims administered and processed by Defendant IMS under the Plan during the relevant time period. CMC is further informed and believes that Defendant Watson Truck & Supply, Inc. was the designated Plan Administrator for the Plan – as that term is understood under ERISA – during the relevant time period. CMC is informed and believes that several of the insureds described in this Complaint who received services during the relevant time frame were beneficiaries and/or participants of the Plan at the relevant times when their services were rendered. It may be served through its agent for service, Watson Truck & Supply, Inc., 1501 N. Grimes, Hobbs, New Mexico 88420 or wherever else it may be found.

29.    Defendant Western Commerce Bank is a New Mexico corporation with its principal place of business in Carlsbad, New Mexico that is licensed to do business in the State of Texas. It may be served with process through its registered agent, Registered Agents Inc., 5900 Balcones Drive, Suite 100, Austin, Texas 78731.

30.    On information and belief, the Health Benefit Plan for the Employees of Western Commerce Bank is a self-funded ERISA health benefits plan, and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). "Self-funded" means that the Plan is not directly operated pursuant to one or more contracts for health insurance. Rather, it is directly responsible for the medical benefits paid pursuant to the Plan. CMC is informed and believes that Defendant Western Commerce Bank was the sponsor of the Health Benefit Plan for the Employees of Western Commerce Bank, with ultimate responsibility for paying claims administered and processed by Defendant IMS under the Plan during the relevant time period. CMC is further

informed and believes that Defendant Western Commerce Bank was the designated Plan Administrator for the Plan – as that term is understood under ERISA – during the relevant time period. CMC is informed and believes that several of the insureds described in this Complaint who received services during the relevant time frame were beneficiaries and/or participants of the Plan at the relevant times when their services were rendered. It may be served through its agent for service of process, Western Commerce Bank, 127 S. Canyon, Carlsbad, NM 88220 or wherever else it may be found.

31.    Defendant Caviness Beef Packers, Ltd. is a Texas limited partnership with its principal office in Amarillo, Texas. It may be served with process through its registered agent Brent J. Birkholz, 4206 Amarillo Blvd. East, Amarillo, Texas 79107 or wherever else he may be found.

32.    On information and belief, the Health Benefit Plan for the Employees Caviness Beef Packers, Ltd. is a self-funded ERISA health benefits plan, and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). "Self-funded" means that the Plan is not directly operated pursuant to one or more contracts for health insurance. Rather, it is directly responsible for the medical benefits paid pursuant to the Plan. CMC is informed and believes that Defendant Caviness Beef Packers, Ltd. was the sponsor of the Health Benefit Plan for the Employees of Caviness Beef Packers, Ltd., with ultimate responsibility for paying claims administered and processed by Defendant IMS under the Plan during the relevant time period. CMC is further informed and believes that Defendant Caviness Beef Packers, Ltd. was the designated Plan Administrator for the Plan – as that term is understood under ERISA – during the relevant time period. CMC is informed and believes that several of the insureds described in this Complaint who received services during the relevant time frame were beneficiaries and/or participants of

the Plan at the relevant times when their services were rendered. It may be served with its agent for service of process, Caviness Beef Packers, Ltd., 4206 Amarillo Blvd. East, Amarillo, Texas 79107 or wherever else it may be found.

33. Defendant CS Beef Packers, LLC is a Delaware limited liability company registered to do business in Idaho, but in reviewing the Texas Secretary of State filings is not licensed to do business in the State of Texas. It may be served with process through its registered agent, Corporation Service Company, 12550 W. Explorer Dr., Suite 100, Boise, Idaho 83713 or wherever else he may be found.

34. On information and belief, the Health Benefit Plan for the Employees of CS Beef Packers is a self-funded ERISA health benefits plan, and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). "Self-funded" means that the Plan is not directly operated pursuant to one or more contracts for health insurance. Rather, it is directly responsible for the medical benefits paid pursuant to the Plan. CMC is informed and believes that Defendant CS Beef Packers was the sponsor of the Health Benefit Plan for the Employees of CS Beef Packers, with ultimate responsibility for paying claims administered and processed by Defendant IMS under the Plan during the relevant time period. CMC is further informed and believes that Defendant CS Beef Packers was the designated Plan Administrator for the Plan – as that term is understood under ERISA – during the relevant time period. CMC is informed and believes that several of the insureds described in this Complaint who received services during the relevant time frame were beneficiaries and/or participants of the Plan at the relevant times when their services were rendered. It may be served through its agent for service of process, CS Beef Packers, LLC, PO Box 31117, Amarillo, Texas 79120 or wherever else it may be found.

35.    Defendants BE Implement Partners, Ltd., Davidson Oil Company, Forerunner AG, LLC, Friona Industries, LP, Herring Bancorp, Inc., Hydrostatic Pipe Service Inc., d/b/a Hydrotest,  JM Cox Resources, L.P., Pinkie's, Inc., South Plains Implement, Ltd., Stone Oilfield Services, Inc., Tarpley Music Company, Inc., Viva Well Servicing Company, LP, Watson Truck & Supply, Inc., Western Commerce Bank, Caviness Beef Packers, Ltd., and CS Beef Packers, LLC, are the plan sponsors and/or plan administrators of several employee benefits plans at issue in the captioned matter and related to the patient claims identified in Exhibit A.

36.    IMS, BE Implement Partners, Ltd., the Health Benefit Plan for the Employees of BE Implement Partners, Ltd., Davidson Oil Company, the Health Benefit Plan for the Employees of Davidson Oil Company, Forerunner AG, LLC, the Health Benefit Plan for the Employees of Forerunner AG, LLC, Friona Industries, LP, the Health Benefit Plan for the Employees of Friona Industries, LP, Herring Bancorp, Inc., the Health Benefit Plan for the Employees of Herring Bancorp, Inc., Hydrostatic Pipe Service Inc., d/b/a Hydrotest, the Health Benefit Plan for the Employees of Hydrostatic Pipe Service Inc., d/b/a Hydrotest, JM Cox Resources, L.P., the Health Benefit Plan for the Employees of JM Cox Resources, L.P., Pinkie's, Inc., the Health Benefit Plan for the Employees of Pinkie's, Inc., South Plains Implement, Ltd., the Health Benefit Plan for the Employees of South Plains Implement, Ltd., Stone Oilfield Services, Inc., the Health Benefit Plan for the Employees of Stone Oilfield Services, Inc., Tarpley Music Company, Inc., the Health Benefit Plan for the Employees of Tarpley Music Company, Inc., Viva Well Servicing Company, LP, the Health Benefit Plan for the Employees of Viva Well Servicing Company, LP,  Watson Truck & Supply, Inc., the Health Benefit Plan for the Employees of Watson Truck & Supply, Inc., Western Commerce Bank, the Health Benefit Plan for the Employees of Western Commerce Bank, Caviness Beef Packers, Ltd., the Health Benefit

Plan for the Employees of Caviness Beef Packers, Ltd., CS Beef Packers, LLC, and the Health Benefit Plan for the Employees of CS Beef Packers, LLC are hereinafter collectively referred to as the "Defendants."

## JURISDICTION & VENUE

37.     Plaintiff's claims arise in part under 29 USC §§ 1001, et seq., Employment Retirement Income Security Act ("ERISA"), under 28 USC § 1331 (federal question jurisdiction).

38.     29 U.S.C. 1132(e)(1) states that "State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section."  29 U.S.C. 1132(f) further provides that "[t]he district courts of the United States shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the relief provided for in subsection (a) of this section in any action."

39.     Venue is appropriate in this Court under 29 U.S.C. 1132(e)(2), which states that "[w]here an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found."

40.     Venue is also appropriately established in this Court under 28 USC § 1391 because Defendants conduct a substantial amount of business in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTUAL BACKGROUND

41.     This lawsuit arises out of Defendants' failure to properly reimburse the claims at issue, as attached hereto as Exhibit A.[1]  CMC rendered hospital goods and services to the insureds that were enrolled as beneficiaries and/or members of a health plan that was sponsored, administered and/or financed by Defendants.  These patients were admitted and hospitalized by CMC for treatment at CMC throughout 2015-2019.  Several of these patients needed emergency care or were otherwise direct admits since their prior facility did not have the ability to render the care they needed.  Compounding the issues, each insured presented CMC with an insurance card at the time they sought service that indicated it was part of the OMNI Network, the HealthSmart Network or was silent as to the network for hospital or facility providers.  Thus, many of the insureds at issue had no network of hospital providers capable of providing the emergency and inpatient services that the healthcare plans at issue purportedly covered.  Further, in the case of the insureds treated under no-network plans, none of the insurance cards provided any guidance as to what the no network level of reimbursement would be.  When CMC endeavored to verify benefits for these claims, it typically received a facsimile wherein IMS would advise that CHS would receive a percentage of charges following application of the deductible.  This payment information also noted that the care would be reimbursed at usual and customary charges.

42.     Rather, and without providing any timely warning or explanation to CMC, Defendants adopted a reference-based pricing model that supposedly applied to the insureds. Under this pricing model, Defendants starting around 2015 began reimbursing CMC anywhere from 112-125% of Medicare for the services rendered.  However, when CMC would receive the remittance advice following performing services, IMS would inexplicably revert back to

---

[1] CMC has made a limited disclosure of the claims at issue pursuant to the privacy provisions of the Health Insurance Portability & Accountability Act ("HIPAA"), 42 U.S.C.§1320 *et. seq*

acknowledging the existence of the PPO network noting that CMC was rendering care as part of a preferred provider organization, and the sole basis for the under-reimbursement would typically be CO 45 which is defined as "Charges exceed **your** contracted/legislated fee arrangements." All taken together, IMS continuously represented that these insureds were subject to the OMNI and/or HealthSmart networks.

43.    The way IMS administered the various healthcare plans and the way all of the Defendants ultimately reimbursed the claims violated both the terms of the healthcare plans and ERISA if the OMNI and/or HealthSmart Facility Agreements do not govern the services rendered. Since 2015, Defendants have elected to pay the respective benefits to CMC on a reference-based pricing basis that was some percentage of Medicare rates ranging from 112-125%. Upon information and belief, the various healthcare plans at issue actually required them to pay CMC one of several, much higher levels of payment, and actually did not mandate the lower percentage of Medicare level of payment. CMC believes that Defendants put no effort into setting specific reference prices for individual procedures at any level that any hospital in the geographic area was willing to accept. The 112-125% of Medicare paid by IMS for every conceivable medical service rendered represents an inadequate level of payment that no hospital in the greater Lubbock area would accept as payments. Moreover, Defendants did not limit the attempt to apply reference-based pricing to elective procedures. Rather, Defendants imposed the percentage of Medicare price on claims for emergency, direct ICU admits, inpatient, and outpatient care provided by CMC. In many of these instances, CMC believes that the healthcare plan benefits allowed for CMC to be reimbursed at an allowed charge at usual and customary charges as it was indicated on verification of benefits that were sent to CMC. Thus, Defendants'

efforts to implement reference-based pricing were not reasonable and they were not targeted to any level of payment that similarly situated hospitals in the region were willing to accept.

44.     Finally, separate and apart from Defendants' numerous violations, Defendants are also liable to CMC because their Administrator, IMS, repeatedly and consistently misrepresented the nature of their members' coverage for important healthcare services. As noted above, several member cards referenced the non-HSA OMNI network or HealthSmart network or were otherwise silent as to the network for hospital and other similar medical facilities. IMS provides these member cards to the members of the various health benefit plans it administers. Those cards identify IMS as the party responsible for paying providers for medical services provided to plan members. IMS intends for members to provide their identification cards to providers and for providers to rely on those identification cards in rendering medical services to their members. The identification cards do not contain any limitations as to the amounts that will be reimbursed to providers by IMS and/or the Defendants and do not disclaim IMS and/or the Defendants' common law liability to providers to pay the reasonable value of services provided to members. In addition, every single remittance advice that was generated for the Defendants' insureds at issue indicated that the insureds were subject to a PPO plan and the typical under-reimbursement code CO 45 was defined **as charges exceed your contracted/legislated fee arrangement.** [emphasis added].

45.     All of these statements and actions amount to representations concerning the networks and gave rise to expectations that Defendants were honoring the same. Several times throughout the course of each of the Defendants' insureds' respective treatments, CMC called IMS to verify benefits, confirm network status, and seek authorizations for continued care. At all relevant times, IMS represented to CMC that its insureds had full coverage for the treatments and

services rendered by CMC. Further, at no times was CMC advised during the verifications that reference based pricing governed the members. In addition, several of the insureds at issue also presented at CMC's emergency department.

46.    The hospital goods and services at issue were rendered by CMC pursuant to either the Facility Participation Agreement with OMNI and/or HealthSmart as statements indicated the network still applied and/or at minimum with the expectation of being reimbursed in at the usual customary and reasonable amount for the greater Lubbock geographical zip code. Defendants, through their Administrator IMS, historically engaged in the following acts:

  a.    Verifying benefits with CMC's personnel;

  b.    Pre-authorizing certain claims;

  c.    Accepting submission of the claim from CMC;

  d.    Processing the claim for payment;

  e.    Repricing the claim pursuant to the fee schedule contract rates in the Facility Participation Agreement;

  f.    Corresponding verbally and in writing with CMC's collectors regarding needs for medical records or other additional information for processing the claims; and

  g.    Issuing checks to CMC in payment for the services rendered.

47.    Defendants knew that these incomplete statements were false at the time they were made, or at least knew that they had no reasonable basis for making them. Coverage would be confirmed with little to no information that only a small fraction of the total charges would be paid after IMS arbitrarily reduced the total charges to some nebulous "allowable" claims amount. IMS made them in the hope that CMC would provide quality care to its members without

requiring payment upfront. IMS should be required to pay CMC's reimbursement claims consistent with the representations they made when CMC called to verify the insureds' insurance.

48.    To add insult to injury, Defendants also sent certain claims out to third party auditors for review. These reviews are applying vague and confusing criteria to these claims, rather than the usual and customary or contracted-for rates, resulting in gross under-reimbursements. To date, CMC has been paid a mere $619,845.24 for the services rendered, which represents 21% of the expected amount under the OMNI Facility Participation Agreement. As a result, IMS owes CMC $2,804,425.14.[2]

## BREACH OF CONTRACT

49.    CMC incorporates by reference the allegations of the above paragraphs herein.

50.    Despite CMC's demands for payment, Defendants failed to perform their obligations under the Facility Participation Agreement for those insureds that are subject to the same. Defendants are responsible for paying the charges incurred for the hospitals goods and services rendered to the insureds. Defendants breached the Facility Participation Agreement by failing to pay these claims. As a direct and proximate result of IMS's breach, CMC has suffered actual damages in the amount of at least $2,804,425.14, of which $999,091.26 of these damages are related to insureds who presented with insurance cards reflecting that they were part of a PPO network to which CMC is a part of and thus is governed by a fee schedule. Accordingly, CMC is entitled to recover these breach of contract damages from Defendants.

51.    CMC has demanded payment of this account more than thirty (30) days prior to the date that judgment would be entered in this cause.

---

[2] See Exhibit A.

52.     All conditions precedent either to Defendants' obligation to pay CMC or to CMC's rights to recover from Defendants have been performed, have occurred, or have been excused.

53.     CMC has presented its claim for performance to Defendants, but Defendants have refused to pay the amount due.  Accordingly, CMC has retained the undersigned attorneys to bring suit to recover the amount owed.  Pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code, CMC is entitled to an award of the reasonable attorneys' fees incurred herein.

## COMMON LAW FRAUD, STATUTORY FRAUD, AND FRAUDULENT INDUCEMENT

54.     CMC incorporates by reference the allegations of the above paragraphs herein.

55.     In the alternative, Defendants, through their Administrator IMS, made numerous assurances and representations concerning the network status of Defendants' insureds and the payment status as noted above on the insurance cards, representations concerning the expected amount to be paid on the claims, representation on the remittance advice, and finally representations through the verifications of benefits process.  These and other omissions, assurances, and representations made by IMS to CMC were material in CMC's decision to render hospital goods and services to Defendants' insureds.

56.     In addition, upon information and belief, IMS made statements to the Defendants' insureds that CMC would accept the referenced based pricing reimbursements as payment in full. The omissions, assurances, and representations were misleading and false, and IMS either knew the representations were misleading and false or acted recklessly in making the representations. CMC and the Defendants' insureds relied on IMS' actions and representations, which has resulted in CMC suffering significant damages that exceed jurisdictional minimums of this Court as a result of Defendants' actions.

## NEGLIGENCE AND NEGLIGENT MISREPRESENTATION

57.     CMC incorporates by reference the allegations of the above paragraphs herein.

58.     In the alternative, CMC would show that it is business custom in the healthcare and insurance industries for healthcare providers to call insurance companies or their agents to verify/pre-certify insurance coverage, eligibility, and benefit levels for insureds being treated. Insurance companies and their agents owe duties to healthcare providers to reasonably and adequately investigate the existence of insurance coverage and benefits and submit accurate information to the healthcare provider.

59.     Healthcare providers are without the knowledge or means to gain such knowledge concerning insurance coverage and benefits and must therefore rely upon the representations of insurance companies or their agents in determining the method and means of being reimbursed for the medical services provided.  Once insurance coverage is "verified" and "certified" by an insurance carrier, as those terms are understood in the industry, other potential avenues of reimbursement, deposits, payment up front, are usually foregone and/or waived due to the existence of commercial insurance coverage.  The healthcare provider must therefore be able to rely upon the insurers' conveyance of accurate, complete, and current eligibility status of their members/insureds and whether the anticipated procedure is a covered procedure under the policy.

60.     Defendants used IMS to administer their claims at all relevant times.  In that role, IMS provided identification cards to the members of its various health benefit plans.  The specific representations made by Defendants through their Administrator IMS as described above were made to CMC in response to CMC's specific inquiries regarding eligibility and coverage for the specified hospital services and goods provided.  CMC informed IMS it was

obtaining this information with respect to providing hospital services and goods to IMS' members/insureds. CMC relied on the representations provided by IMS. It was foreseeable that CMC would rely upon the representations and verifications of IMS. CMC had the reasonable expectation of being paid for the valuable services extended to IMS' members/insureds in good faith.

61. Defendants breached duties owed to CMC as set forth above as Defendants failed to exercise reasonable care and competence in conveying true and accurate information concerning eligibility and coverage for the medical services provided. CMC will show that it has been damaged as a result of Defendants' negligence and negligent misrepresentations. Defendants never stated any of the limitations or exclusions at the time CMC was verifying benefits, but Defendants subsequently sought to apply these purported limitations or exclusions to pay far less for the services rendered. At no point during the verification process did Defendants explain to CMC that the healthcare plans purported to have a limitation or exclusion on benefits whereby the healthcare plans would not pay more than 112-125% of Medicare for all of CMC's services. As a proximate cause of said misrepresentations and mis-verifications, CMC has been damaged due to Defendants' insistence on paying a fraction of the bills for the insureds' care which totals $2,804,425.14, including interest thereon at the highest legal rate.

62. CMC brings this cause of action in its own right, and not on behalf of any of its insureds. This cause of action is distinct and separate from ERISA causes of action and is not preempted by ERISA.

## ERISA SECTION 502(A)(1)(B)

63. CMC incorporates by reference the allegations of the above paragraphs herein.

64.     In the alternative, pursuant to the "Conditions of Admission" form executed by each Defendants' insured or beneficiary (and/or a representative of such individual), CMC is the assignee of all benefits under the healthcare plans for each of the claims at issue.  Further, each insured or beneficiary agreed to be financially responsible for the claims at issue to the extent they were not paid in full by the insurer.  Accordingly, CMC is entitled under ERISA to pursue all payments due under the healthcare plans for the medical services rendered to those individuals at CMC.

65.     CMC diligently pursued all internal appeals available under the healthcare plans and exhausted all appeal remedies.  In doing so, CMC corresponded directly with entities and/or individuals that Defendants held out to be the correct persons and/or parties to communicate with regarding the failure to pay the whole bill.

66.     Defendants' (a) deliberate disregard of the "Reasonable and Customary" level of payment called for under the healthcare plans and (b) payment of 112-125% of Medicare in each instance was erroneous, arbitrary and capricious and an abuse of discretion, to the extent that IMS was delegated discretion under the healthcare plans.

67.     On information and belief, Defendants did not even bother to calculate the "Allowed Amount" as required under the healthcare plans.  Rather, Defendants completely disregarded the Allowed Amount and relied entirely upon the "Claims Review and Audit Program" provisions that were allegedly embedded in the summary plan description.  This was arbitrary and capricious because these provisions do not comport with the healthcare plan definitions of Allowed Amount and/or Reasonable and Customary.  In addition, the healthcare plans do not incorporate or ever reference these hidden provisions.  These are irrelevant to how the reimbursements should be calculated.

68.    CMC is entitled to its reasonable attorneys' fees under ERISA given Defendants' years long insistence on adhering to unjustifiable interpretations of the Plan.

69.    Finally, CMC reserves all of its rights under ERISA, including the right to balance bill the insureds at issue, notwithstanding any language in the plans that purport to force CMC to give up such rights.

## CONDITIONS PRECEDENT

70.    All conditions precedent necessary for each of the foregoing causes of action have occurred, have been performed by CMC, or have been waived.

## JURY DEMAND

71.    CMC demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

72.    WHEREFORE, CMC prays that IMS be cited to appear and answer this lawsuit and for the following:

a.    That judgment be entered against Defendants, jointly and severally, for CMC's actual damages in the amount of at least $2,804,425.14, exclusive of penalties, interest and attorneys' fees;

b.    That CMC be awarded its reasonable attorneys' fees and costs of court;

c.    That CMC be awarded pre- and post-judgment interest at the highest legal rate; and

d.    That CMC be awarded such other and further relief to which it is justly entitled.

Respectfully submitted,

**CLARK HILL STRASBURGER**

**CAROLYN L. DOUGLAS**
State Bar No. 24045800
cdouglas@clarkhill.com
2301 Broadway Street
San Antonio, Texas 78215
(210) 250-6000
(210) 250-6100 Fax

**CLIFFORD BOWIE HUSTED**
State Bar No. 00796803
chusted@clarkhill.com
909 Fannin Street, Suite 2300
Houston, Texas 77010-4035
(713) 951-5600
(713) 951-5660 Fax

And

**KEY TERRELL & SEGER LLP**
**ROGER A. KEY**
State Bar No. 11370100
rkey@keyandterrell.com
P.O. Box 64968
Lubbock, Texas 79464
(806) 792-1944
(806) 792-2135

**ATTORNEYS FOR PLAINTIFF**
**COVENANT MEDICAL CENTER**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 22nd day of December 2020, a true and correct copy of the foregoing *Plaintiff's Amended Complaint* was filed with the Clerk of Court using the CM/ECF system.

Mullin Hoard & Brown, LLP
Shawn D. Twing
Mark Logsdon
500 S. Taylor St., Suite 800
Amarillo, Texas 79101

Mullin Hoard & Brown, LLP
Molly A. Manning
1500 Broadway, Suite 700
P.O. Box 2585
Lubbock, TX 79408-2585

Carolyn L. Douglas

LegalIBS471\A59957\4853\0235-2764.v4-5/18/20

# EXHIBIT A

| Insurer/TPA | Employer | Patient Account Number | Patient Name | Member ID | Group ID | DOS | Total Charges | Amount Paid | Amount Outstanding | E/R Admit | In-Patient Admit | Network | RBP | PPO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| IMS | Friona Industries | VA008402497O | WT | S32232200364 | S322322 | 8/6/2018 | $5,337.81 | $1,196.47 | $4,141.34 | Y | | BSAPN | Y | N |
| IMS | South Plains | MA009391540Z | LV | SPLAINS | SPLAINS0326 | 1/25/2017 | $36,202.15 | $3,157.85 | $21,394.19 | N | | | N | N |
| IMS | Friona Industries | VA008327595Z | EG | S32232200029 | S322322 | 4/17/2017 | $12,828.24 | $2,044.44 | $10,758.80 | Y | | BSAPN | N | N |
| IMS | Herring Bancorp | MA009721201S | CB | S437437O106 | S437437 | 3/26/18- | $304,650.89 | $60,806.95 | $121,983.58 | N | Y | OMNI | Y | Y |
| IMS | BE Implement | PA008263160Z | CH | S54254O268 | S54254Z | 6/29/2017 | $33,039.05 | $6,037.93 | $25,330.24 | Y | N | BSAPN | Y | N |
| IMS | Hydrostatic Pipe Service | PA008424333Z | CL | S49238O0012 | S49238O | 9/19/2018 | $51,019.11 | $2,113.93 | $48,855.18 | N | | BSAPN | N | N |
| IMS | Forerunner Ag, LLC | VA008428314Z | JG | SRUNNERO171 | SRUNNER | 1/24/2019 | $706.94 | $89.31 | $617.03 | N | N | BSAPN | Y | N |
| IMS | Forerunner Ag, LLC | VA008435191Z | JG | SRUNNERO171 | SRUNNER | 12/7/2018 | $625.81 | $100.11 | $525.70 | N | N | BSAPN | N | N |
| IMS | Forerunner Ag, LLC | VA008421549O | JG | SRUNNERO171 | SRUNNER | 3/5/2019 | $151.17 | $12.44 | $138.73 | N | N | BSAPN | N | N |
| IMS | Forerunner Ag, LLC | VA008426174 | JG | SRUNNERO171 | SRUNNER | 3/12/2019 | $463.94 | $161.28 | $302.66 | N | N | BSAPN | Y | N |
| IMS | Forerunner Ag, LLC | VA008426747 | JG | SRUNNERO171 | SRUNNER | 2/22/2019 | $3,592.54 | $400.00 | $2,718.11 | N | N | BSAPN | Y | N |
| IMS | Stone Oilfield Services | PA008373495Z | AH | STONE130015 | STONE13 | 4/25/2018 | $12,762.86 | $507.51 | $12,255.35 | Y | N | | Y | N |
| IMS | Watson Truck and Supply | MA008697829 | DW | SWT09060120 | SWT0906 | 10/17/2018- | $101,595.97 | $6,557.42 | $95,038.55 | | Y | | Y | N |
| IMS | Forerunner AG, LLC | VA008414500Z | JG | SRUNNERO171 | SRUNNER | 11/5/2018 | $6,366.09 | $3,201.80 | $1,722.81 | N | N | | Y | N |
| IMS | BE Implement | MA009449818O | SSM | S54254O371 | S54254Z | 3/22/2017 | $573.19 | $0.00 | $491.18 | N | N | OMNI | Y | N |
| IMS | BE Implement | LA008258465O | RA | S54254O236 | S54254Z | 10/6/2017 | $909.09 | $220.68 | $663.89 | N | N | OMNI | Y | N |
| IMS | Davidson Oil Company | LA008261003Z | BA | SDAVOIL0243 | SDAVOIL | 11/3/2017 | $191.52 | $142.20 | $142.20 | N | N | OMNI | Y | Y |
| IMS | Cal Farley's | MA009622116Z | CB | S51670025148 | S516700 | 10/31/2017 | $4,574.57 | $0.00 | $4,554.57 | Y | Y | OMNI | Y | N |
| IMS | Friona Industries | VA008329955O | PC | S32232200133 | S322322 | 4/25/2017 | $802.05 | $0.00 | $712.67 | Y | N | | Y | N |
| IMS | BE Implement | MA009604078Z | TC | S54254200111 | S54254Z | 1/3/2018 | $723.37 | $0.00 | $595.11 | N | N | OMNI | N | N |
| IMS | City of Lamesa | MA009578522Z | KC | S64264200033 | S64264Z | 8/31/2017 | $5,848.55 | $535.91 | $5,178.66 | N | N | BSAPN | Y | N |
| IMS | JM Cox Resources | PA008268926 | CD | S601000000038 | S601000 | 7/11/2017- | $144,801.60 | $144,801.60 | $66,355.69 | | Y | HEALTHSMART | N | N |
| IMS | JM Cox Resources | MA009483856 | CD | S601000000038 | S601000 | 7/31/2017 | $144,801.60 | $24,086.17 | $130,541.06 | | Y | HEALTHSMART | N | N |
| IMS | JM Cox Resources | MA009460309O | CD | S601000000038 | S601000 | 5/31/2017 | $220,896.04 | $24,086.17 | $130,541.06 | | Y | HEALTHSMART | N | N |
| IMS | JM Cox Resources | MA009603099 | CD | S601000000038 | S601000 | 4/30/2017- | $144,801.60 | $15,319.77 | $86,041.35 | Y | N | HEALTHSMART | Y | N |
| IMS | JM Cox Resources | MA009402165Z | CD | S601000000038 | S601000 | 2/14/2017- | $144,801.60 | $15,319.77 | $86,041.35 | N | N | HEALTHSMART | N | N |
| IMS | BE Implement | PA008291416Z | LD | S54254200373 | S54254Z | 2/28/2017 | $649.67 | $67.26 | $574.34 | N | N | | Y | N |
| IMS | Davidson Oil Company | MA009516555O | DF | SDAVOIL0583 | SDAVOIL | 6/2/2017 | $5,034.61 | $0.00 | $4,676.90 | Y | N | MYMEDICALCON CIERGE.COM | N | N |
| IMS | Davidson Oil Company | LA008250075S | DF | SDAVOIL0019 | SDAVOIL | 8/25/2017 | $1,369.03 | $0.00 | $1,159.79 | Y | N | CIERGE.COM | Y | N |

# EXHIBIT A

| Insurer/TPA | Employer | Patient Account Number | Patient Name | Member ID | Group ID | DOS | Total Charges | Amount Paid | Amount Outstanding | E/R Admit | In-Patient Admit | Network | RBP PPO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| IMS | BE Implement | PA008290432 | JG | S542S420352 | S542542 | 9/5/2017- 9/30/2017 | $15,381.20 | $358.34 | $14,983.05 | N | N | | N |
| IMS | BE Implement | PA008214210 | JG | S542S420336 | S542542 | 12/6/2017- 12/31/2017 | $22,198.18 | $1,680.15 | $20,331.35 | N | N | | N |
| IMS | BE Implement | PA008311549 | JG | S542S420336 | S542542 | 11/20/2017- 11/30/2017 | $32,377.66 | $2,499.47 | $29,878.19 | N | N | | N |
| IMS | BE Implement | PA008321539 | JG | S542S420336 | S542542 | 1/5/2018- | $13,468.58 | $193.24 | $12,277.21 | N | N | | N |
| IMS | BE Implement | MA009577005 | JG | S542S420336 | S542542 | 1/30/2018 | $1,279.96 | $554.44 | $663.92 | N | N | | N |
| IMS | BE Implement | PA008280972 | KH | S542S420162 | S542542 | 12/17/2017 | $1,663.85 | $0.00 | $1,388.15 | Y | N | | N |
| IMS | South Plains Implement | PA0082719881 | DG | SPLANS0377 | SPLANS | 7/24/2017- 7/31/2017 | $588.67 | $0.00 | $480.70 | N | N | | N |
| IMS | Friona Industries | MA0094708052 | EG | S323220029 | S323222 | 4/19/2017 | $9,939.88 | $679.42 | $9,090.61 | N | N | | N |
| IMS | Friona Industries | MA0094689635 | EG | S323220029 | S323222 | 4/13/2017 | $63,390.39 | $5,125.48 | $58,014.33 | N | N | | N |
| IMS | Friona Industries | MA0094053960 | EG | S323220029 | S323222 | 2/3/2017 | $16,616.96 | $0.00 | $16,616.96 | Y | N | | N |
| IMS | BE Implement | PA008291166 | JG | S542S420336 | S542542 | 10/31/2017 | $17,374.25 | $1,212.83 | $16,161.42 | N | N | | N |
| IMS | BE Implement | MA009410995 | EH | S542S420269 | S542542 | 7/10/2017 | $38,239.35 | $2,580.15 | $34,743.02 | N | N | OMNI | N |
| IMS | BE Implement | PA0082941011 | JI | S4923800046 | S492380 | 7/10/2017 | $71,171.72 | $10,690.70 | $66,341.73 | N | N | OMNI | N |
| IMS | Hydrostatic Pipe Service | PA008073713 | JI | S4923800046 | S492380 | 9/19/2017 | $10,690.70 | $8,333.60 | $50,032.96 | N | Y | OMNI | N |
| IMS | Hydrostatic Pipe Service | PA008073713 | JI | S4923800046 | S492380 | 10/24/2017 | $58,366.56 | $8,069.26 | $66,711.25 | N | N | OMNI | N |
| IMS | Friona Industries | PA0082864695 | JI | S492380 | S492380 | 4/25/2017- | $58,536.39 | $46.00 | $46,711.25 | N | Y | OMNI | N |
| IMS | Friona Industries | LA0082712992 | JJ | S323220105 | S323222 | 2/8/2018 | $1,266.80 | $0.00 | $1,123.66 | N | N | | N |
| IMS | BE Implement | MA009457941 | BJ | S542S420183 | S542542 | 7/26/2017 | $20,319.34 | $712.64 | $18,903.32 | N | N | OMNI | N |
| IMS | BE Implement | PA008490531 | CJ | S542S420183 | S542542 | 4/26/2017- 4/28/2017 | $4,925.59 | $1,395.13 | $2,518.74 | N | N | OMNI | N |
| IMS | BE Implement | MA0095292291 | HJ | S542S420183 | S542542 | 6/21/2017 | $470.97 | $0.00 | $373.56 | N | N | OMNI | N |
| IMS | BE Implement | PA008483217 | LJ | S542S420183 | S542542 | 4/28/2017- 4/25/2017 | $31,072.49 | $6,325.84 | $24,043.79 | Y | N | OMNI | N |
| IMS | BE Implement | PA008299754 | LC | S323220378 | S323222 | 12/24/2017 | $8,328.45 | $0.00 | $7,680.05 | Y | N | | N |
| IMS | Western Commerce Bank | PA0082476865 | | 525716737 | 5927922 | 4/18/2017- 4/21/2017 | $33,443.35 | $6,022.68 | $27,415.00 | N | Y | | Y |
| IMS | Davidson Oil Company | PA0083427078 | SL | SDAVOIL0472 | SDAVOIL | 1/31/2018 | $1,621.58 | $0.00 | $1,400.62 | N | N | MYMEDICALCONCIERGE.COM | N |
| IMS | Friona Industries | LA0082336915 | NL | S323220025 | S323222 | 12/29/2016 | $732.35 | $131.61 | $567.84 | N | N | | N |
| IMS | City of Lamesa | PA0082800913 | SL | S6426420045 | S642642 | 8/8/2017- 8/31/2017 | $989.79 | $116.85 | $843.73 | N | N | | N |
| IMS | City of Lamesa | PA0082864655 | SL | S6426420045 | S642642 | 8/31/2017 | $437.44 | $123.55 | $670.15 | N | N | | N |
| IMS | Cal Farley's | LA0082480676 | YL | S5167002033 | S516700 | 5/30/2017 | $437.44 | $0.00 | $359.68 | N | N | OMNI | Y |
| IMS | Davidson Oil Company | MA0093736974 | LL | SDAVOIL0501 | SDAVOIL | 1/5/2017 | $25,691.49 | $1,281.82 | $21,809.67 | N | N | CIERGE.COM | N |

Legal1B5471A59957.48S3.0255-2764.v4-5/18/20

LegalB5471A59957i48S2i0255-2764 v4-5/18/20

# EXHIBIT A

| Insurer/TPA | Employer | Patient Account Number | Patient Name | Member ID | Group ID | DOS | Total Charges | Amount Paid | Amount Outstanding | E/R Admit | In-Patient Admit | Network | RBP | PPO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| IMS | BE Implement | LA008240510874 | | 5542542083 | 5542542 | 4/27/2017 | $500.35 | $131.81 | $353.90 | N | N | | Y | N |
| IMS | BE Implement | LA008255959639 | JM | 5542542083 | 5542542 | 9/8/2017 | $1,025.33 | $267.78 | $738.91 | N | N | | Y | N |
| IMS | BE Implement | LA008240104 | SM | 5542540305 | 5542542 | 7/11/2016 | $1,746.62 | $0.00 | $1,180.12 | Y | N | OMNI | Y | N |
| IMS | BE Implement | MA009242757727 | SM | 5542540028 | 5542542 | 3/4/2017 | $593.02 | $139.97 | $453.05 | N | N | OMNI | N | Y |
| IMS | Davidson Oil Company | LA008263288 | CM | 5DAVOIL0243 | 5DAVOIL | 9/12/2017 | $1,255.29 | $188.13 | $1,067.16 | N | N | MYMEDICALCONCIERGE.COM | N | N |
| IMS | BE Implement | MA009501776 | CO | 5542540290 | 5542542 | 3/31/2017 | $53,934.69 | $4,522.82 | $48,182.08 | N | N | OMNI | N | Y |
| IMS | Friona Industries | PA008707321 | TP | 5323220063 | 5323232 | 4/15/2018-4/16/2018 | $51,325.43 | $6,113.26 | $43,583.85 | N | N | BSAPN | N | N |
| IMS | Caviness Beef Packers | MA009383700 | CR | 5350035348 | 5350035 | 1/15/2017 | $2,766.84 | $0.00 | $2,537.09 | Y | N | ALLIANCE HEALTH NETWORK | Y | N |
| IMS | Swisher Feed Yard | VA008283749 | OR | 5323220046 | 5323232 | 7/11/2016 | $903.60 | $92.27 | $811.33 | N | N | | Y | N |
| IMS | BE Implement | PA008337903 | BR | 5542540418 | 5542542 | 1/13/2018- | $7,657.32 | $1,778.81 | $4,680.86 | Y | N | | Y | Y |
| IMS | BE Implement | PA008363341 | JR | 5542540418 | 5542542 | 1/13/2018- | $29,272.32 | $5,340.27 | $22,357.13 | N | Y | | Y | Y |
| IMS | BE Implement | MA009563727 | KR | 5542540418 | 5542542 | 12/19/2017- | $63,315.11 | $7,160.31 | $55,359.21 | N | N | | Y | Y |
| IMS | BE Implement | PA008292629 17 | KR | 5542540263 | 5542542 | 12/22/2018 | $22,057.42 | $2,807.70 | $18,641.54 | N | Y | | Y | Y |
| IMS | BE Implement | PA008292626496 | KR | 5542540263 | 5542542 | 9/9/2017 | $2,237.44 | $0.00 | $1,816.06 | Y | N | | Y | Y |
| IMS | BE Implement | PA008242973 5 | KR | 5542540263 | 5542542 | 3/1/2017 | $1,402.88 | $0.00 | $1,277.25 | N | N | OMNI | N | Y |
| IMS | BE Implement | PA008315410 1 | RR | 5542540263 | 5542542 | 11/9/2017- 11/10/2017 | $2,209.78 | $254.44 | $1,852.07 | Y | N | | Y | N |
| IMS | Western Commerce Bank | MA009546416 5 | RR | 5542540263 | 5542542 | 7/16/2017- 7/25/2017 | $172,924.24 | $14,606.01 | $158,318.23 | N | Y | | Y | N |
| IMS | Western Commerce Bank | MA009531886 0 | TR | 5922920086 | 5922922 | 6/25/2017- 6/30/2017 | $78,286.17 | $8,372.66 | $69,913.51 | N | N | | Y | N |
| IMS | Western Commerce Bank | MA009515345 3 | TR | 5922920086 | 5922922 | 6/2/2017 | $44,521.25 | $5,752.61 | $38,768.64 | N | N | | Y | N |
| IMS | Western Commerce Bank | MA009506042 1 | TR | 5922920086 | 5922922 | 5/20/2017- 5/22/2017 | $90,881.56 | $32,633.28 | $58,248.28 | N | Y | | Y | N |
| IMS | Cal Farley's | MA009524032 1 | TR | 5516700217 1 | 5516700 | 6/14/2017 | $3,476.65 | $0.00 | $3,055.27 | Y | N | ALLIANCE REGIONAL HEALTH NETWORK | Y | N |
| IMS | Cal Farley's | MA009524923 0 | TR | 5516700217 1 | 5516700 | 6/15/2017 | $2,380.84 | $0.00 | $1,959.46 | Y | N | ALLIANCE REGIONAL HEALTH NETWORK | Y | N |

LegalB5471A59957\48532\0255-2764.v4-5/18/20

# EXHIBIT A

| Insurer/TPA | Employer | Patient Account Number | Patient Name | Member ID | Group ID | DOS | Total Charges | Amount Paid | Amount Outstanding | E/R Admit | In-Patient Admit | Network | RBP PPO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Ins Mgmt Srv PPO | Watson Truck and Supply | MA009043849 | TH | | SWT0906 | 2/17/16 | $91,670.68 | $15,329.90 | $76,340.78 | N | Y | | N |
| Ins Mgmt Srv PPO | Caviness Beef Packers LTD | MA009063741 | MB | S3500353330 | S350035 | 2/15/16- 2/29/2016 | $88,732.34 | $7,856.94 | $80,875.40 | N | Y | | N |
| Ins Mgmt Srv PPO | Unknown | MA009275910S | MM | SWT09060052 | SWT0906 | 10/2/2016 | $131,716.14 | $28,247.72 | $50,781.96 | N | Y | BSAPN | Y |
| Inst Mgmt Srv PPO | Tarpley Music Company | MA009201897 | BS | S3213210029 | S3213211 | 7/14/2016 | $206,290.45 | $70,840.11 | $73,563.20 | N | N | OMNI | Y |
| IMS Mgmt Srv PPO | Viva Well Services | MA009189302 | LJ | SVIVA000630 | SVIVA00 | 7/5/2016- 7/31/2016 | $89,797.24 | $19,462.98 | $52,374.81 | N | N | OMNI | N |
| IMS | Forerunner Ag, LLC | PA008515064 | JG | SRUNNER0171 | SRUNNER | 7/9/2019- | $786.59 | $129.15 | $627.44 | N | Y | BSAPN | Y |
| IMS | Forerunner Ag,LLC | VA008446576 | JG | SRUNNER0171 | SRUNNER | 5/16/2019 | $915.74 | $76.42 | $839.32 | N | Y | BSAPN | Y |
| IMS | Friona Industries | PA008707321 | TP | S3223220063 | S322322 | 4/16/2018 | $51,325.43 | $6,113.26 | $43,583.85 | N | Y | BSAPN | Y |
| IMS | Forerunner AG,LLC | MA010415381 | JG | SRUNNER0171 | SRUNNER | 5/29/2019 | $28,969.79 | $1,866.42 | $25,109.04 | N | Y | BSAPN | Y |
| IMS | Forerunner | VA008443808 | JG | SRUNNER0171 | SRUNNER | 5/1/2019 | $1,132.01 | $152.17 | $979.84 | N | Y | BSAPN | Y |
| IMS | Forerunner | VA008483314 | JG | S279900017 | S279990 | 4/30/2019 | $8,526.85 | $762.00 | $6,764.56 | N | Y | BSAPN | Y |
| IMS | Pinkies | MA0102920670 | RH | S279900017 | S279990 | 5/9/2019 | $603.45 | $89.48 | $491.60 | N | Y | BSAPN | Y |
| IMS | Pinkies | MA0102521825 | RH | S279900017 | S279990 | 5/4/2019 | $113,275.84 | $0.00 | $12,485.61 | Y | Y | BSAPN | Y |
| IMS | Friona Industries | LA008214236 | LS | S3223220038 | S322322 | 3/14/2017 | $1,234.94 | $207.42 | $1,027.52 | N | Y | BSAPN | Y |
| IMS | Friona Industries | LA008253936 | LS | S3223220037 | S322322 | 7/11/2017 | $474.28 | $0.00 | $474.28 | N | Y | BSAPN | Y |
| IMS | BE Implement | PA008497760 | SS | S5425420377 | S542542 | 4/29/2017 | $16,903.04 | $2,571.29 | $14,046.05 | N | Y | OMNI | Y |
| IMS | BE Implement | MA009487503 | SS | S5425420397 | S542542 | 5/4/2017 | $78,893.88 | $7,000.81 | $70,551.04 | N | Y | OMNI | Y |
| IMS | BE Implement | LA008284094 | CS | S5425420170 | S542542 | 6/5/2017 | $3,449.41 | $309.84 | $3,105.14 | N | Y | OMNI | Y |
| IMS | BE Implement | MA0094786533 | CS | S5425420170 | S542542 | 5/9/2017 | $51,473.31 | $15,548.76 | $34,196.91 | N | Y | OMNI | Y |
| IMS | BE Implement | MA0094786185 | CS | S5425420170 | S542542 | 4/21/2017 | $836.95 | $0.00 | $762.22 | N | N | OMNI | Y |
| IMS | South Plains Implement LTD | MA009321819 | TS | SPLAINS0080 | SPLAINS | 8/26/2016 | $1,456.33 | $208.81 | $1,247.52 | N | N | BSAPN | Y |
| IMS | BE Implement | MA009451499 | JS | S542420096 | S542542 | 4/6/2017 | $819.74 | $0.00 | $737.73 | N | N | BSAPN | Y |
| IMS | BE Implement | PA008261957 | BS | S5167000376 | S5516700 | 6/16/2017- | $179,516.72 | $36,356.39 | $143,160.33 | N | Y | BSAPN | Y |
| IMS | Friona Industries | LA008453458 | JS | S3223220067 | S322322 | 4/27/2017 | $817.66 | $0.00 | $700.74 | N | N | | Y |
| IMS | Friona Industries | LA008241047 | MS | S3223220066 | S322322 | 8/14/2017 | $645.51 | $574.34 | | N | N | | Y |
| IMS | Cal Farley's | LA008256292 | TR | 5516700121 | 5516700 | 6/30/2017 | $1,473.39 | $0.00 | $1,251.21 | N | N | ALLIANCE HEALTH REGIONAL NETWORK | Y |

4

LegalIB5471A59957\4853:0255:2764.v4-5/18/20

# EXHIBIT A

| Insurer/TPA | Employer | Patient Account Number | Patient Name | Member ID | Group ID | DOS | Total Charges | Amount Paid | Amount Outstanding | In-Patient Admit | E/R Admit | Network | RBP | PPO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Ins Srv PPO | Caviness Beef Packers LTD | MA009120034 | VL | S3500353474 | S350035 | 7/15/2016 | $319,952.38 | $2,502.11 | $189,469.32 | | Y | ALLIANCE HEALTH REGIONAL NETWORK | N | Y |
| Insmt Srv PO | Caviness Beef Packers LTD | MA009475294 | MM | S3500352951 | S350035 | 5/19/2016- 5/21/2016 | $136,900.35 | $6,588.56 | $75,551.65 | N | Y | REGIONAL HEALTH ALLIANCE NETWORK | N | Y |
| IMS | Caviness Beef Packers LTD | PA008503790 | JMI | S4923800046 | S492380 | 4/25/2029 | $68,742.02 | $4,480.95 | $63,741.29 | N | Y | OMNI | N | Y |
| IMS | Forerunner | VA008451490 | JG | SRUNNER0171 | SRUNNER | 7/18/2019 | $5,316.58 | $288.70 | $4,963.42 | N | N | BSAPN | Y | N |
| IMS | Forerunner | VA008379926 | JG | SRUNNER0171 | SRUNNER | 2/23/2018 | $1,349.88 | $168.56 | $1,181.32 | N | N | BSAPN | Y | N |
| IMS | Forerunner | VA008780002 | JG | SRUNNER0171 | SRUNNER | 2/23/2018- 2/28/2018 | $1,789.60 | $354.14 | $1,435.46 | N | N | BSAPN | Y | N |
| IMS | Forerunner | VA008956101 | JG | SRUNNER0171 | SRUNNER | 6/19/2018 | $1,217.80 | $150.93 | $1,041.87 | N | N | BSAPN | Y | N |
| IMS | Forerunner | VA008709051 | JG | SRUNNER0171 | SRUNNER | 10/23/2019 | $1,522.80 | $123.07 | $1,399.73 | N | N | BSAPN | Y | N |
| IMS | Caviness Beef Packers LTD | VA008966037 | KE | S3500354559 | S350035 | 4/6/2020 | $383.53 | $0.00 | $276.14 | N | N | OMNI | N | Y |
| IMS | Caviness Beef Packers LTD | VA008979023 | KE | S3500354559 | S350035 | 4/20/2020 | $383.53 | $0.00 | $276.14 | N | N | OMNI | N | Y |
| IMS | CS Beef Packers | VA008946516 | JA | S6500650804 | S650065 | 3/18/2020 | $254.87 | $0.00 | $183.51 | N | N | OMNI | Y | N |
| IMS | CS Beef Packers | VA008495665 | JA | S6500650804 | S650065 | 5/1/2020 | $690.28 | $0.00 | $690.28 | N | N | IPN | Y | N |
| IMS | Caviness Beef Packers LTD | VA008945935 | KE | S3500354559 | S350035 | 3/17/2020 | $1,581.46 | $0.00 | $1,138.65 | Y | N | OMNI | N | Y |
| IMS | Caviness Beef Packers LTD | VA008757250 | FB | S3500354603 | S350035 | 11/21/2019 | $73.00 | $0.00 | $73.00 | N | N | OMNI | N | Y |
| Totals | | | | | | | $4,036,230.84 | $523,843.80 | $2,804,425.14 | | | | | |
| | | | | | | | | | $999,091.26 | | | | | |

5